## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **ADONIS B. WHITBY,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 5:08-CV-242-HL |
| **MICHAEL CHERTOFF, Secretary of** : | |
| **U.S. Department of Homeland** : | |
| **Security,** : | |
| : | |
| Defendant. : | |

## ORDER

On June 10, 2009, this Court at the request of the Government held a status conference on this case. The main purpose of the conference was to resolve some of the outstanding discovery disputes. In particular, Plaintiff, proceeding pro se, has filed numerous Motions to Compel (Docs. 31, 33, & 34). The exact basis for the Motions is not entirely clear. At the hearing, Plaintiff informed the Court that there are four categories of documents that he has not received from the Government which he contends should have been produced in response to his discovery requests. Those four categories are (1) certain emails about himself and other employees of the Defendant, (2) personnel information about two employees, Barnaby and Ivey, (3) copies of Plaintiff's own requests for leave, and (4) the personnel file of William Drake. At the hearing, the Government agreed to produce

1

the first category of information within thirty (30) days. It also agreed to produce redacted personnel information for the two employees. Last, it agreed to produce all copies of Plaintiff's own leave requests. The Court denied Plaintiff's request for the personnel file of William Drake.

As a result of the Court's rulings at the hearing, the Court considers the Motions to Compel to be satisfied. Those Motions are therefore denied as moot. The discovery period shall be extended until July 15, 2009. The Government has until July 15, 2009, to produce the documents it was ordered at the hearing to produce.

Counsel for the Government is ordered to file no later than July 15, 2009, a brief that addresses the issue of whether Plaintiff can amend his Complaint to add the wrongful termination claim that is presently pending before the EEOC. In particular, if the Government represents to the Court that Plaintiff's Complaint can be amended to add the claim pending before the EEOC, the Government should then state that it waives its right to raise the defense that Plaintiff has failed to exhaust his administrative remedies for that claim. The Court will reserve ruling on Plaintiff's Motion to Amend (Doc. 47) until the Government files that brief. An order on the other remaining Motions will be issued in the near future.

**SO ORDERED**, this the 11th day of June, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc