IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ADONIS B. WHITBY,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. |
| | : | 5:08-CV-242-HL |
| **MICHAEL CHERTOFF, Secretary of U.S. Department of Homeland Security,** | : | |
| Defendant. | : | |

# ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 14), Plaintiff's Motion to Transfer Case (Doc. 20), and Plaintiff's Motion to Consolidate Cases (Doc. 21). For the following reasons, Defendant's Motion is granted in part and denied in part, and Plaintiff's Motions are denied.

## I. BACKGROUND

Plaintiff Adonis Whitby was formerly employed by the Transportation Security Administration ("TSA") as a Transportation Security Supervisor at Atlanta's Hartsfield-Jackson Airport. On July 22, 2008, he filed a Complaint (Doc. 1) in this Court alleging that during his employment Defendant discriminated against him on the basis of race, color, age, disability, and retaliation.

## II. DISCUSSION

### A.   Motion to Dismiss

A Rule 12(b)(6) motion to dismiss a complaint, or any portion thereof, should only be granted when it appears that the facts alleged fail to state a plausible claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 12(b)(6).  A court ruling on a motion to dismiss must accept all well-pleaded facts as true, and it must construe all reasonable inferences therefrom in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999).  A court considering a motion to dismiss should generally confine its review to the facts alleged in the complaint and documents attached to it; however, a court can also consider a document not attached to the complaint if the document is central to the complaint, the document's contents are alleged in the complaint, and no party questions those contents.  Daewoo Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1266 n.11 (11th Cir. 2006).

In this case, Defendant has moved to dismiss Plaintiff's Complaint in part.  First, Defendant contends that Plaintiff's disability discrimination claim must be dismissed because disability claims are not cognizable under the Aviation and Transportation Security Act of 2001 ("ATSA").  Second, some of Plaintiff's disparate treatment claims should be dismissed for failure to timely exhaust administrative remedies.  The Court will address each of these arguments in turn.

Plaintiff asserts in his Complaint a claim for disability discrimination. Plaintiff's disability discrimination claim is not cognizable under the Americans with Disabilities

Act of 1990 ("ADA") because the ADA exempts the United States from its definition of employer.  See 42 U.S.C. § 12111(5)(B).  In addition, this claim is not cognizable under the Rehabilitation Act because the ATSA exempts the TSA from the requirements of the Rehabilitation Act.  Castro v. Sec'y of Homeland Sec., 472 F.3d 1334 (11th Cir. 2006).  As a result, Plaintiff's claim of disability discrimination is dismissed.

Next, Defendant contends that all allegations of discriminatory conduct occurring prior to September 16, 2005, should be dismissed for failure to make timely contact with an EEO Counselor.  Federal employees who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap are required to initiate contact with an EEO Counselor "within forty-five (45) days of the date of the matter alleged to be discriminatory."  29 C.F.R. § 1614.105(a)(1).  The timely exhaustion of administrative remedies is a prerequisite to filing a Title VII or ADEA claim in federal court.  See Brown v. General Services Administration, 425 U.S. 820, 832 (1976).

In this case, Defendant contends that Plaintiff first initiated contact with an EEO Counselor on October 31, 2005.  Thus, it contends that all of his claims of discrimination prior to September 16, 2005, are time-barred.  Defendant, however, provides no citation for its assertion that Plaintiff's first EEO contact occurred on October 31, 2005.  The Court does not dispute the accuracy of that assertion, but it has been unable to find any allegation regarding Plaintiff's first EEO contact in

Plaintiff's Complaint, any of the Amended Complaints he has filed, or in any of the documents attached to those pleadings. Presumably, Defendant is relying on material outside of those pleadings to support its untimeliness argument. Consideration of such extraneous material at the motion to dismiss stage is inappropriate. Daewoo Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1266 n.11 (11th Cir. 2006) (stating that a court ruling on a motion to dismiss generally must confine its review to the facts alleged in the complaint and documents attached to it). The Court thinks that Defendant's argument regarding Plaintiff's failure to timely exhaust administrative remedies would be more appropriately raised on a motion for summary judgment.

### B. Motion to Transfer

Plaintiff's Motion to Transfer Venue appears to be based on a mistaken assumption. Plaintiff requests that, instead of dismissing any of his claims, the Court transfer venue to the appropriate district court. Defendant's Motion to Dismiss was not based on an assertion that this Court is not the appropriate venue for Plaintiff's claims. Plaintiff's Motion to Transfer is denied.

### C. Motion to Consolidate

Plaintiff's Motion to Consolidate is essentially a repetition of the relief he seeks in the Motion to Amend (Doc. 47) that is presently pending. Essentially, in both his Motion to Consolidate and Motion to Amend, Plaintiff seeks to amend his Complaint to add a claim that Defendant unlawfully terminated his employment in violation of

Title VII and the ADEA. Plaintiff's wrongful termination claim is currently the subject of a pending administrative action before the EEOC. Whether Plaintiff will be allowed to amend his Complaint to add the wrongful termination claim will be decided when the Court rules on Plaintiff's Motion to Amend. Plaintiff's Motion to Consolidate is denied.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion is granted in part and denied in part, and Plaintiff's Motions are denied.


**SO ORDERED**, this the 16th day of June, 2009.

*s/ Hugh Lawson*

**HUGH LAWSON, Judge**

dhc