IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ADONIS B. WHITBY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 5:08-CV-242 (HL) |
| MICHAEL CHERTOFF, Secretary of | : | |
| U.S. Department of Homeland | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

# ORDER

Before the Court are Plaintiff's, Adonis Whitby ("Whitby"), Motions for Leave to Amend Complaint (Docs. 47, 54, 63, 64, and 65). Also before the Court is Whitby's Motion for Sanctions or Default Judgment (Doc. 56). For the following reasons, Whitby's Motions are denied in part and granted in part.

**I.   BACKGROUND**

On July 22, 2008, Whitby, proceeding pro se, filed his complaint in this Court alleging that during his employment at the Transportation Security Agency ("TSA"), Defendant discriminated against him on the basis of race, color, age, disability, and retaliation. The Court dismissed Whitby's disability claim because it was not cognizable under any federal cause of action (Doc. 50). The Court did not dismiss Whitby's remaining claims of discrimination.

Whitby was terminated from his employment by Defendant on December 27, 2007. Whitby now seeks to amend his complaint to include, among other things, claims arising from his termination. He also asks the Court to impose sanctions on Defendant and enter a default judgment against Defendant because he believes that Defendant recklessly failed to provide certain e-mails to him.

## II.     MOTIONS TO AMEND (Docs. 47, 54, 63, 64, and 65)

The Federal Rules state that "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should not deny leave to amend "unless there is a substantial reason." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir.1999). A motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." Carruthers v. BSA Adv., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (citation omitted). When a motion to amend is denied based upon futility, the court makes a legal conclusion that the proposed amended complaint necessarily would fail. St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir.1999).

### A.     Claim for Wrongful Termination (Doc. 47)

Whitby seeks to add a claim that he was unlawfully terminated on the basis of race, color, age, disability, and reprisal. (Doc. 47). Defendant did not oppose Whitby's request, but stated that it would reserve its right to assert an affirmative

defense for Whitby's failure to exhaust his administrative remedies. The Court finds that the facts underlying Whitby's termination may state a plausible claim of race, color, age, and reprisal discrimination;[1] accordingly, the Court grants Whitby leave to amend his complaint to include a wrongful termination claim based on race, color, age, and reprisal.

### B. 42 U.S.C. § 1981 Claim (Doc. 54)

Whitby also wishes to amend his complaint to include a 42 U.S.C. § 1981 claim (Doc. 54). Defendant opposes the amendment arguing it would be futile. The Court agrees. Section 1981 provides relief for claims against state actors, "but does not provide a cause of action for discrimination under color of federal law." Lee v. Hughes, 145 F.3d 1272 (11th Cir. 1998). Because Whitby is suing his employer, a federal agency, he cannot bring a claim against it pursuant to 42 U.S.C. §1981. His motion to amend his complaint to include a 42 U.S.C. §1981 is therefore denied.

### C. Additional Claims Whitby Seeks to Add to His Complaint (Doc. 63)

Whitby next moves to amend his complaint to include a claim against defendant for violating the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302 (Doc. 63). Defendant opposes the amendment claiming that Whitby has never gone through the administrative procedures that are prerequisites to filing a claim under the WPA in federal court. The Court believes that Whitby may not have timely

---

[1] As explained in its order of June 16, 2009, Plaintiff cannot assert a disability discrimination claim against the TSA. Thus, the Court denies his request to include a wrongful termination claim based on disability discrimination.

3

exhausted his administrative remedies, but it is possible that Whitby may allege facts in his amended complaint showing he exhausted them.[2] The Court will therefore allow him to amend his complaint to include a WPA claim. The Court believes that Defendant's argument regarding Whitby's exhaustion of administrative remedies would be more appropriately raised in a motion to dismiss or in a motion for summary judgment.

Whitby also seeks to amend his complaint to include a claim under 5 U.S.C. § 7513. This statute does not create a right to relief in the district court; rather, section (2)(d) of the statute allows an aggrieved employee to appeal to the Merit Systems Protection Board ("MSPB"). Because this statute does not provide a cause of action for Whitby to pursue in federal court, the Court finds that this amendment would be futile.

Finally, Whitby wishes to include a 30 U.S.C. § 3730(h) claim. This statute does not exist.[3] The Court finds this proposed amendment is futile.

Accordingly, Whitby may amend him complaint to include a WPA claim, but

---

[2] An employee may bring a "mixed case claim," one that alleges both WPA and Title VII claims. If the case is mixed, then the employee may seek relief either by filing a complaint with the agency's equal employment opportunity department, or by appealing directly to the Merit Systems Protection Board. 29 C.F.R. § 1614.302(b); Kelliher v. Veneman, 313 F.3d 1270, 1274 (11th Cir. 2002).

[3] In its response, Defendant states that Whitby appears to be referring to 31 U.S.C. § 3730(h)(1) and the National Transit Systems Security Act, 6 U.S.C. § 1142 *et seq*. While that may be true, Whitby is the master of his complaint. The Court therefore declines to surmise what statutes Whitby intended to add to his complaint when he filed his motions to amend.

4

he may not include claims under 5 U.S.C. § 7513 and 30 U.S.C. § 3730(h).

### D. Claims Against Officers in their Individual and Official Capacities (Docs. 64 and 65)

In his last two motions requesting leave to amend his complaint (Docs. 64 and 65), Whitby wishes to add the following TSA supervisors to his complaint: Willie Williams, David Padlo, Larry Lee Sr., and Joseph Edward Zavodny.

After Whitby files his amended complaint, his complaint will include claims cognizable under Title VII, the Age Discrimination in Employment Act ("ADEA"), and the WPA. Title VII is the exclusive remedy of an employee or applicant for federal employment who alleges discrimination on the basis of race, color, religion, sex, or national origin. Brown v. General Servs Admin., 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The ADEA is the exclusive remedy of an employee or applicant for federal employment who alleges discrimination on the basis of age. Ray v. Nimmo, 704 F.2d 1480, 1485 (11th Cir. 1983). The WPA provides protection to federal employees against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety. 5 U.S.C. § 2302(b)(8).

Michael Chertoff is the only proper defendant for these claims. Under 42 U.S.C. § 2000e-16(c), a Title VII plaintiff is required to name the head of the appropriate agency as the defendant. Under the WPA, if Whitby exhausted his administrative remedies by appealing to the MSPB, then the appropriate defendant

is the agency responsible for taking the personnel action. 5 U.S.C. § 7703(a)(2). If Whitby pursued his mixed case of Title VII and WPA claims before the EEO office, then the proper defendant is the head of the employing agency. 42 U.S.C. § 2000e-16(c). As for his ADEA claim, the proper defendant in an ADEA case is the same person as under Title VII. See Attwell v. Granger, 748 F. Supp. 866, 873 (N.D. Ga. 1990) (explaining that although the ADEA does not specify who must be named as a defendant, Title VII and ADEA should be construed consistently when a section of the ADEA can be traced to a similar section of Title VII).

Here, Michael Chertoff, the Secretary of the Department of Homeland Security, is the properly named defendant because he is the head of Whitby's employing agency. The Court therefore denies Whitby's motion for leave to amend his complaint to sue the named TSA supervisors in their individual and official capacities.

### III. MOTION FOR SANCTIONS (DOC. 56)

Whitby has moved the Court to issue sanctions, specifically a default judgment, against Defendant because he alleges Defendant violated the Court's Order of June 11, 2009 (Doc. 49), where Defendant agreed to produce e-mails about Whitby and other employees of Defendant. Whitby alleges that Defendant did not preserve e-mails and did not adequately search its computer files to locate the e-mails. Whitby complains that: (1) Defendant did not retrieve e-mails for the years

2003, 2004, and 2005 located on David Padlo's crashed computer; (2) Defendant did not conduct a proper key term search of its computers; (3) Defendant did not search some of TSA managers' computers; (4) TSA supervisor Raymond Dotson stated that some of his computer files and e-mails were transferred to CDs in June 2008, and the CDs were later discovered to be unreadable; (5) TSA e-mail data should have been saved on back-up tapes; (6) for 2003 through 2007, TSA supervisor Larry Lee submitted no e-mails or other documents that contained information about Whitby; and (7) multiple TSA supervisors did not produce any e-mails containing information about Whitby.

In response, Defendant asserted it acted reasonably to preserve documents and electronic records, that it provided Whitby with all available records and documents, and that it has not destroyed or altered any documents. Defendant submitted affidavits explaining the efforts TSA took to retrieve the requested e-mails from Richard Hurst, staff attorney for the TSA who has managed Whitby's case, and Deborah Lockhart, TSA administrative officer at Hartsfield-Jackson International Airport.

The Federal Rules provide that when a party does not obey a discovery order, the court may issue a sanction by "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). A party may avoid sanctions for noncompliance with an order if it made all reasonable efforts to comply with the court's order. <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F.3d 1045,

1050 (11th Cir.1994). District courts enjoy considerable discretion in deciding whether to sanction a party and to what degree. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir.1997).

As for Defendant's failure to retrieve e-mails for 2003 through 2005 located on David Padlo's crashed computer, the Court finds that there is no evidence that in 2005 and prior to 2005 Defendant was under a duty to preserve evidence. Until Whitby first complained to the EEO or appealed to MSPB, there was no anticipated or impending litigation that created a duty on the part of Defendant to preserve potential evidence. The Court cannot find any allegation regarding Whitby's first EEO or MSPB contact in his pleadings or in the motions currently pending before the Court. Because it is unclear on what date the duty to preserve evidence arose, the Court is unwilling to sanction Defendant for its failure to retrieve the e-mails located in David Padlo's crashed computer. This conclusion is supported by the fact that there is no evidence that David Padlo intentionally did not comply with the Court's order requiring Defendant to produce e-mails referencing Whitby.

Whitby also contends that the search process used by Defendant was inadequate. Deborah Lockhart's affidavit and accompanying exhibit demonstrate that TSA employees were required to search for e-mails referencing Whitby by entering "Adonis Whitby" in the TSA e-mail box "Search All Mail Items." Without any evidence to the contrary, except for Whitby's conclusory assertions, the Court finds that the search conducted by TSA was reasonable and does not warrant sanctions.

Likewise, Whitby's allegation that Defendant did not search some of TSA managers' computers is conclusory and he provides no evidence to support it. Defendant, on the other hand, has shown that it instructed TSA employees that might have relevant e-mails to search their e-mail accounts. The Court will not impose sanctions based on Whitby's mere assertion that Defendant failed to search some of the managers' accounts.

Whitby alleges that Defendant should be sanctioned because Raymond Dotson failed to produce emails saved to his CDs and because Defendant failed to preserve other e-mails by saving them on a back-up system. Without any evidence showing that it was possible to retrieve the data on the unreadable CDs and that the CDs contained relevant e-mails, the Court cannot find that Defendant acted unreasonably by not retrieving the files saved on Raymond Dotson's CDs. Moreover, there is no indication Defendant acted unreasonably by not having a back-up system because there is no strong reason to believe, aside from David Padlo's crashed computer and Raymond Dotson's unreadable CDs, that Defendant lost any e-mail data. Thus, the Court declines to sanction Defendant for not saving all TSA e-mail data to back-up tapes or for choosing not to retrieve the files located on Raymond CDs.

As for Whitby's complaint that for the years 2003 through 2007, TSA supervisor Larry Lee submitted no emails that contained information about Whitby, the Court finds that there is no evidence showing that Larry Lee had any e-mails to

9

turn over for those years. Without any indication to the contrary, the lack of e-mails indicates that Larry Lee did not communicate with Whitby or to anyone about Whitby. Larry Lee's failure to produce e-mails does not support a finding that sanctions are warranted.

In sum, after considering the evidence in whole, the Court finds that Whitby fails to point to sufficient evidence of Defendants' failure to comply with discovery order to provide a foundation for the imposition of sanctions.

Although it chooses not to impose sanctions, the Court does have questions as to why certain TSA supervisors provided no e-mails to Defendant. Whitby alleges that Larry Lee, Elizabeth Battle, Jerry Estes, Sharnette Everson, Beverly Harvard, Mike Mann, Barbara McClendon, Marshall Smith, Mark Hepburn, Iona JnBaptist, and Nicole Schaeffer did not produce any e-mails even though they possess e-mails that referenced him.

In his reply brief, Whitby has included some of the e-mails he received from Defendant. The attached e-mails lead the Court to believe that some of his supervisors possess e-mails about him that they failed to produce. The most salient information from these e-mails is: on December 14, 2007, David Padlo sent an e-mail referencing Whitby to, among others, Nicole Schaeffer and Jerry Estes. Also on December 14, 2007, Karen Peoples sent an e-mail that referenced Whitby to Jerry Estes and Nicole Schaeffer. On December 10, 2007, Jerry Estes forwarded Barbara McClendon an e-mail regarding Whitby. On December 7, 2007, Joyce Brown sent

an e-mail referencing Whitby to, among others, Elizabeth Battle, Jerry Estes, Nicole Schaeffer. On August 30, 2007, Jerry Estes emailed Iona JnBaptist and stated that Whitby had been approved for six leave.

From this information, it is the Court's view that Jerry Estes, Barbara McClendon, Nicole Schaeffer, Elizabeth Battle, and Iona JnBaptist may possess e-mails about Whitby. The Court therefore orders Defendant to show cause by February 12, 2010, in writing, as to why these supervisors did not provide Defendant with any e-mails in response to the Court's June 11, 2009 Order. As for the remaining supervisors that Whitby contends failed to produce e-mails, there is no evidence, aside from Whitby's assertion, that these supervisors possessed e-mails that referenced him. Accordingly, the Court does not order Defendant to show cause as to why those supervisors did not produce e-mails.

## IV. CONCLUSION

For the explained reasons, Whitby's Motions for Leave to Amend are granted in part and denied in part. The Court cautions Whitby that it will not look favorably upon any additional motions for leave to amend that he may file. Given that Whitby has filed five motions for leave to amend, other additional motions will be presumed by the Court to be filed for dilatory motive or in bad faith.

His Motion for Sanctions or Default Judgment is denied. Defendant is ordered to show cause as to why TSA supervisors Jerry Estes, Barbara McClendon, Nicole

Schaeffer, Elizabeth Battle, and Iona JnBaptist failed to produce e-mails that referenced Whitby.

  **SO ORDERED**, this the 2nd day of February, 2010.

              *s/ Hugh Lawson*
              **HUGH LAWSON, SENIOR JUDGE**

lmc